The sole defense is, in effect, an objection to the form of procedure as having been improperly brought under Act 298 of 1038, because that Act has no application to tenants or subtenants. It is insisted that plaintiffs should have proceeded under the second paragraph of the quoted statute which requires ten days' written notice instead of five as given by plaintiffs.
There is no reference to Act 298 of 1938 in plaintiffs' petition, whatever effect such reference might have had. It is true that only five days' notice was given, but in the view which I take of the matter the case falls squarely within the first paragraph of Article 2155 of the Revised Statutes which provides for only five days' notice "upon the termination of the lease", for if the defendant he considered to have been the lessee or sublessee of the premises, the lease terminated when the partnership was dissolved and no one of the partners, under this view of the case, had any right of any kind to the occupancy of the premises. There is no pretense of occupancy for the purpose of liquidation. On the contrary, the contention is that the written lease to Guedry was effected for the Home Finance Company. In this situation the owners of the building had as much right to rent it to Guedry, one of the former partners, as they would have had to rent it to a stranger. The other partners had no color or right to continued occupancy.
I respectfully dissent. *Page 818